**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gina Powers,<br><br>Plaintiff,<br><br>vs.<br><br>Social Security Administration,<br><br>Defendant. | 2:18-cv-2237-RCJ-CWH<br><br>**ORDER** |

Before this Court is the Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 1) for her claim that she was improperly denied benefits by the Social Security Administration. However, the Plaintiff does not contain any factual or jurisdictional allegations, so the Court dismisses the case without prejudice with leave to amend.

**DISCUSSION**

**I. Application to Proceed in Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

///

///

**II. Screening of the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To satisfy the screening requirements with respect to social security appeals, a plaintiff must set forth the following: (1) the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision; (2) the complaint must indicate the judicial district in which the plaintiff resides; (3) the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled; and (4) the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *Montoya v. Colvin*, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing *Soete v. Colvin*, 2013 WL 5947231, *2 (D. Nev. Nov. 4, 2013); *Pitcher v. Astrue*, 2012 WL 3780354, *1 (D. Nev. Aug. 30, 2012)).

The Plaintiff's complaint is insufficient. She has not made any specific factual allegations regarding the case in the complaint. She merely states the case involves a refusal to grant disability pay. She does not allege in her complaint: (1) that she exhausted administrative remedies, (2) that resides in the district, (3) the nature and timing of her disability, and (4) the nature of her disagreement with the ruling of the Social Security Administration. The complaint needs to be separated out into numbered paragraphs containing the necessary factual allegations. Because the complaint fails to do so, the Court dismisses the Plaintiff's complaint with leave to amend. The Plaintiff needs to file a new complaint alleging all the necessary facts shown above by July 10, 2019. The Court encourages the Plaintiff to visit the Social Security Administration's website (https://www.ssa.gov/benefits/disability/appeal.html) for information on how to appeal its findings and exhaust the administrative remedies, if the Plaintiff has not already done so.

**CONCLUSION**

IT IS HEREBY ORDERED that the Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 1) is GRANTED. The Plaintiff shall not be required to pre-pay the full filing fee.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that the Complaint (ECF No. 1-1) is DISMISSED with leave to amend. Plaintiff shall have until July 10, 2019 to file an amended complaint correcting the noted deficiencies.

IT IS SO ORDERED.

Dated this 21st day of May, 2019.

ROBERT C. JONES
United States District Judge